UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
WAYNE HOFFMAN,                          :
                                        :       Civil Action No. 12-7018 (RBK) (AMD)
            Plaintiff,                  :
                                        :       **OPINION**
      v.                                :
                                        :
COUNTY OF ATLANTIC, et al.,             :
                                        :
            Defendants.                 :
_____   :

**ROBERT B. KUGLER, U.S.D.J.**

      Plaintiff is incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey.  He brings this action under 42 U.S.C. § 1983.  On November 13, 2012, the Clerk received plaintiff's original complaint along with an application to proceed *in forma pauperis*.  On December 31, 2012, the Clerk received an amended complaint.

      The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) ("PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal *in forma pauperis*.  The Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915.  *See* Local Civil R. 5.1(f).  The filing fee for a civil complaint is $350.00.  In this case, while the Clerk has received the complaint and amended complaint, neither has been filed as plaintiff has not paid the filing fee nor has plaintiff been granted *in forma pauperis* status.

      Under the PLRA, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the

1

applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* Local Civil R. 81.2 ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification *signed by an authorized officer of the institution* certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.") (emphasis added).

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

Plaintiff's *in forma pauperis* application is incomplete.  While he has submitted an affidavit of poverty and his prison account statement, the prison account statement has not been certified by a prison official as is required.  Therefore, as the application is incomplete and plaintiff has not paid the filing fee, the Clerk will be ordered to administratively close this case.  An appropriate order will be entered.

DATED:  May 23, 2013

                                             s/Robert B. Kugler
                                             ROBERT B. KUGLER, U.S.D.J.