UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WAYNE HOFFMAN, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 12-7018 (RBK) (AMD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COUNTY OF ATLANTIC, et al., | : | |
| | : | |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Plaintiff is a state prisoner incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey. He is proceeding *pro se* with a civil rights amended complaint filed pursuant to 42 U.S.C. § 1983. The Court previously administratively terminated this action as plaintiff had not paid the filing fee, nor had he submitted a complete application to proceed *in forma pauperis*. Subsequently, the Court received another application to proceed *in forma pauperis* from plaintiff. Accordingly, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the Court must review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the amended complaint will be dismissed. However, plaintiff shall be given the opportunity to submit a second amended complaint on his claims that are being dismissed without prejudice.

1

## II.     BACKGROUND

The allegations of the amended complaint are accepted as true for purposes of screening the amended complaint. Plaintiff names several defendants in the amended complaint, specifically: (1) William Southrey – Ex CEO and President of the Atlantic County Rescue Mission ("AC Rescue Mission"); (2) Timothy D. Hunt – AC Rescue Mission Warehouse Manager; (3) Tom Dougherty – Senior Probation Officer at the Atlantic County; (4) Betty Bendersky; (5) AC Rescue Mission Board of Trustees (Bob Stahler, Marilyn Bunty, Jeff Ropiecki, Robert Coste, Helen Demario, Glenn Gabrielle, Richard Kingert and James Leap); (6) Judge Siracusa – Ventnor Municipal Court; and (7) Richard McKelvey – Atlantic County Prosecutor.

A.  William Southrey

Plaintiff states that William Southrey is the ex-CEO and president of the AC Rescue Mission. Plaintiff was previously Southrey's assistant. Plaintiff alleges that Southrey was having an affair with plaintiff's girlfriend, defendant Betty Bendersky, who was a client at the AC Rescue Mission. Southrey purportedly made false accusations about plaintiff to the Atlantic City Police Task Force and defendant Tom Dougherty. The allegations purportedly included that plaintiff beat and raped Benderksy. Southrey purportedly made these false allegations for fear that plaintiff would retaliate against him due to his affair with his girlfriend, Bendersky. Plaintiff states that Southrey paid Benderksy out of AC Rescue Mission funds. As to his actual legal claims, plaintiff alleges that Southrey, "conspired to falsely arrest and imprison the plaintiff which violated plaintiff's rights to probable cause, due process, grand jury presentment/indictment supervised by assignment judge, equal protection clause, to be informed of nature, cause and face witnesses against him." (Dkt. No. 2 at p. 6.)

B. Timothy Hunt

Plaintiff states that Timothy Hunt is the AC Rescue Mission warehouse manager. Plaintiff claims that Hunt assaulted and stabbed him on July 30, 2012. He further alleges that Hunt falsified police reports by alleging that plaintiff was the one who assaulted him on July 30, 2012. Hunt purportedly conspired with other defendants by not appearing at the municipal court to confirm the charges levied against plaintiff. Furthermore he claims:

> [t]he defendant conspired with et al. defendants to falsely arrest, false imprison, which violates probable cause, due process (equal protection of the law), grand jury presentment – indictment supervised by Assignment Judge Julio Mendez or a designee, denied nature and cause of accusation – to be confronted with witnesses against plaintiff, to effective counsel which were denied. [¶] The defendant Tim Hunt is the cause of malicious prosecution and is liable for damages to plaintiff.

(Dkt. No. 2 at p. 8.)

C. Tom Dougherty

Plaintiff states that Tom Dougherty is a senior probation officer with Atlantic County. He claims that Dougherty conspired with Southrey and the defendants to falsely imprison plaintiff using a violation of parole when Dougherty knew that plaintiff failed to appear because he was in the hospital.

According to plaintiff, Dougherty told him to report to probation on July 30, 2012, which was the same day he was beaten by Hunt and sent to the hospital. Plaintiff's probation was subsequently listed as violated by Dougherty. Plaintiff claims that "the defendant Tom Dougherty violated plaintiff's right to due process, equal protection of the law, liberty, when he conspired to falsely imprison the plaintiff." (Dkt. No. 2 at p. 10.)

3

D. <u>Betty Bendersky</u>

Betty Bendersky was plaintiff's girlfriend.  Plaintiff states that Southerby paid her to make false claims against him to the Atlantic City Police and task force, presumably that she was beaten and raped by plaintiff.  By doing so, she allegedly:

> violated the plaintiff's right to probable cause, when statements were falsified, the right to liberty, life, property, the right to grand jury presentment or indictment – which was not supervised by Assignment Judge Julio Mendez.  This defendant Betty Bendersky has denied plaintiff of the right to be informed of the nature and cause of the accusation against plaintiff or be informed of witnesses against plaintiff.  [¶]  The defendant Betty O. Bendersky is liable for damages to plaintiff for false arrest/false imprisonment and due process violations.

(Dkt. No. 2 at p. 11-12.)

E. <u>AC Rescue Mission Board of Trustees</u>

Plaintiff states Bob Stahler, Marilyn Bunty, Jeff Ropiecki, Robert Coste, Helen Demario, Glenn Gabrielle, Richard Kingert and James Leap are on the Board of Trustees of the AC Rescue Mission.  He claims that these defendants covered up the alleged criminal actions of Southrey and that they were in agreement to set plaintiff up.  He further states that these defendants:

> conspired to not only aid and abet in the covering up and of state and federal crimes the defendants are all liable et al.; to the plaintiff for damages for his false arrest/false imprisonment, involuntary servitude, violations of rights to probable cause, nature and cause of a accusation against him and to face witnesses against him which violates the confrontational clause (hearsey)[.]  [¶]  The plaintiff's rights against cruel and unusual punishment when denied of medical attention in ACJF during false arrest/false imprisonment which occurred on Sept. 21, 2012.  [¶]  The plaintiff was denied of the right to liberty, freedom of locomotion, due process and grand jury presentment/indictment as well as to be charged[,] booked, fingerprinted and photographed which never happened.

(Dkt. No. 2 at p. 15.)

F.  Judge Siracusa

Judge Siracusa is a judge with the Ventnor Municipal Court.[1]  Plaintiff appeared before Judge Siracusa and he purportedly conspired with the prosecutor to maliciously prosecute plaintiff.  Judeg Siracusa is purportedly liable for damages because he refused to dismiss a criminal complaint against plaintiff.  By failing to do so, he is alleged to have violated plaintiff's right to due process, probable cause, nature and cause of accusation or to be confronted by witnesses as well as grand jury presentment/indictment.  (*See* Dkt. No. 2 at p. 18.)

G.  Richard McKelvey

Richard McKelvey is a prosecutor in Atlantic County who was purportedly involved in criminally prosecuting plaintiff in some fashion.  Plaintiff alleges that McKelvey conspired to maliciously prosecute him.  Plaintiff claims that he "violated plaintiff's right to be booked, fingerprinted and photographed prior to involuntary servitude."  (Dkt. No. 2 at p. 19.)  McKelvey also is purportedly liable to plaintiff because he violated his "right to preliminary proceedings in municipal court, probable cause, nature and cause of action or to be confronted with witnesses against him, the right to due process, liberty, property have all been violated as well as the right to grand jury presentment/indictment[.]"  (*Id.*)

### III.  STANDARD OF REVIEW

A.  Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a

---

[1] The complaint is somewhat unclear as to which Court Judge Siracusa actually sits on as he labels him a judge with the Ventnor Municipal Court but then states later on in the complaint that he appeared before Judge Siracusa at the Atlantic City Municipal Court.

5

claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B.  <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

A. <u>Defendants Southrey, Hart, Bendersky & the AC Rescue Mission Board of Trustees</u>

Plaintiff is attempting to raise his § 1983 claims against private individuals Southrey, Hart, Bendersky and the AC Rescue Mission Board of Trustees. As noted above, "[t]o establish a claim under § 1983, a plaintiff 'must establish that she was deprived of a federal constitutional or statutory right by a *state actor*.'" *Frierson v. St. Francis Med. Ctr.*, 525 F. App'x 87, 90 (3d Cir. 2013) (per curiam) (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)) (emphasis added); *see also Veggian v. Camden Bd. of Educ.*, No. 05-0070, 2007 WL 2900413, at *3 (D.N.J. Oct. 2, 2007) ("It is well-established that in order to maintain a § 1983 claim for an alleged constitutional violation, it must be brought against a 'state actor.'") (citations omitted). As private individuals, these defendants can act under color of state law for purposes of § 1983 when they '"corruptly conspire"' with a state actor. *See Adams v. Cnty. of Erie, Pa.*, 558 F. App'x 199, 203 (3d Cir. 2014) (citing *Great Western Mining & Mineral Co. v. Fox Rothschild*

7

*LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (quoting *Dennis v. Sparks*, 449 U.S. 24, 29 (1980))); *see also Kitko v. Young*, No. 10-0189, 2012 WL 399981, at *3 (W.D. Pa. Feb. 7, 2012) ("Private individuals may be deemed to have acted under color of state law in a § 1983 action if they conspired with state actors to violate a plaintiffs civil rights.") (citation omitted).  However, to properly assert such a claim, a plaintiff must assert more than mere labels and conclusions. *See Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009); *see also Kitko*, 2012 WL 399981, at *3.

In this case, plaintiff's averments in the complaint with respect to these defendants conspiring with state actors do not rise above the level of conclusory statements that are insufficient to satisfy the *Iqbal* pleading standard.  To allege a conspiracy, the plaintiff must provide some factual basis to support the existence of the elements of a conspiracy, namely agreement and concerted action.  *See Capogrosso*, 588 F.3d at 185 (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)).  Plaintiff's allegations of conspiracy as to the private defendants are unsupported by any supporting facts.  By way of example, the state actor that these private defendants conspired with is presumably Dougherty as he is a probation officer.  In the complaint, plaintiff alleges that Dougherty conspired with the other defendants to institute a violation of probation against plaintiff.  Plaintiff alleges that the violation of his probation came about because he could not report to his probation officer on July 30, 2012, as he was in the hospital after having been beaten by Hunt.  Nevertheless, besides mentioning the word "conspire" throughout the complaint, plaintiff fails to allege that there was any type of agreement between Dougherty and any of the private defendants to have Hunt beat up plaintiff so that he would then fail to report to his probation officer on his scheduled date.  Therefore, plaintiff fails

to properly allege that the private defendants conspired with a state actor so they are not liable under § 1983 because they did not act under color of state law.

Plaintiff also alludes in conclusory fashion that the private defendants engaged in a conspiracy with each other. However, the fact that the private defendants may have conspired with each other does not state a § 1983 claim because they did not act under color of state law as such a claim merely states that private individuals were conspiring with other private individuals.[3] Accordingly, as plaintiff has failed to allege that these private defendants are state actors, the § 1983 claims against them will be dismissed without prejudice for failure to state a claim.

B. Defendant Dougherty

Defendant Tom Dougherty is alleged to be a senior probation officer at the Atlantic City Probation Office. Thus, unlike the defendants described in *supra* Part IV.A, the Court will assume *arguendo* for purposes of this screening only that Dougherty is a state actor. *See Wallace v. Powell*, Nos. 09-0286, 09-0291, 09-0357, 09-0630, 2009 WL 6850318, at *9 (M.D. Pa. Nov. 20, 2009) ("[P]robation officers fall on the 'state' side of the line as an arm of the court."); *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994) ("Probation officers appear to be state actors[.]") (citations omitted). Plaintiff bases his claims against Dougherty on the alleged fact that Dougherty instituted a violation of parole action against him. More specifically, plaintiff alleges that plaintiff was due to report to his probation officer on July 30, 2012.

---

[3] To the extent that plaintiff is attempting to bring state law claims against these private defendants, these claims would be asserted pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. However, as the Court is dismissing the federal claims over which it had original jurisdiction pursuant to 28 U.S.C. § 1331, the supplemental jurisdiction statute gives grants the discretion to dismiss the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As plaintiff's federal claims have been dismissed against the private defendants at this very early stage, the Court declines to exercise supplemental jurisdiction over any state law claims plaintiff has raised against these defendants.

However, on that date, plaintiff states that he was assaulted by Hunt and was in the hospital so he could not report to his probation officer.  Due to plaintiff's failure to report on July 30, 2012, plaintiff states that Dougherty instituted the violation of probation proceedings against him.  Plaintiff alleges that his due process and equal protection rights were violated when Dougherty "conspired" with the other defendants to falsely imprison plaintiff.  Thus, plaintiff's claims against Dougherty are centered on his role in the purported conspiracy.

As explained previously, to properly allege a conspiracy, plaintiff must allege agreement and concerted action.  *See Capogrosso*, 588 F.3d at 185.  However, the complaint is devoid of any factual allegations illustrating an agreement between Dougherty and anyone to have Hunt beat plaintiff so that he would not be available to report to his probation officer on July 30, 2012.  Plaintiff's conclusory conspiracy allegations, without any factual support of an agreement, fail to satisfy the *Iqbal* pleading standard.  Accordingly, plaintiff's claims against Dougherty will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

   C.  <u>Defendant Judge Siracusa</u>

Plaintiff alleges that he appeared before Judge Siracusa on two occasions in the Atlantic City Municipal Court.  He claims that Judge Siracusa is liable to him under § 1983 because he refused to dismiss a criminal complaint levied against him.

Generally, a judicial officer has absolute immunity in the performance of his or her duties.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).  The immunity is absolute and cannot be overcome by allegations of bad faith or malice.  *See id.*  There are two exceptions:  (1) for non-judicial actions, not taken in the judge's judicial capacity; and (2) for actions although with judicial in nature, were taken in the complete absence of jurisdiction.  *See id.* at 11-12.  Whether an act is judicial relates "to the nature of the act itself, i.e., whether it is a function

normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).

Judge Siracusa's decision not to dismiss the criminal complaint against plaintiff is quintessentially a judicial act. Absolute immunity applies to bar plaintiff's claims against Judge Siracusa. Accordingly, plaintiff's claims against Judge Siracusa will be dismissed with prejudice as any amendment would be futile.

  D.  Defendant McKelvey

Richard McKelvey is a prosecutor with Atlantic County. Plaintiff claims that he appeared before McKelvey on two occasions and that he maliciously prosecuted him.

A state prosecuting attorney who acts within the scope of his duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983. *See Imbler v. Pachtman*, 424, 409, 410 (1976); *see also Arsad v. Means*, 365 F. App'x 327, 329 (3d Cir. 2010) (per curiam). A prosecutor's appearance in court as an advocate of the state's position or the presentation of evidence at a hearing is protected by absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 492 (1991).

Plaintiff's claims against McKelvey relate to his actions in his capacity as a state prosecutor during plaintiff's criminal proceedings. Accordingly, plaintiff fails to state a claim against McKelvey as he is immune from suit because he was acting within the core of his function as a prosecutor through the presentation of arguments during plaintiff's criminal proceedings. As McKelvey is immune from suit, the claims against him will be dismissed with prejudice as any potential amendment would be futile.

## V.  CONCLUSION

For the foregoing reasons, the claims against defendants Siracusa and McKelvey will be dismissed with prejudice as any potential amendment would be futile and the claims against the remaining defendant will be dismissed without prejudice.  An appropriate order will be entered.


DATED:  July 18, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
